# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1862

_____

MICHAEL WALLACE,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.


October 30, 2024


PER CURIAM.

Petitioner Michael Wallace seeks a writ of habeas corpus claiming that a manifest injustice occurred when we affirmed his convictions for conspiracy to traffic in cocaine and use of a two-way communication device to facilitate a felony. *See Wallace v. State*, 390 So. 3d 1 (Fla. 1st DCA 2024). Petitioner claims that our more recent decision in *State v. Rogers*, 391 So. 3d 661 (Fla. 1st DCA 2024), entitles him to relief. We disagree and deny the petition.

The issues on appeal in *Rogers* and *Wallace* were similar — whether the Statewide Prosecutor had authority under the Federal Wiretap Act, 18 U.S.C. § 2516(2), to seek an order from a judge authorizing a wiretap. The Wiretap Act allows "[t]he principal prosecuting attorney of any State, or the principal

prosecuting attorney of any political subdivision thereof" to apply for an order if other conditions are met. *See id.*

In *Rogers*, we held "that the Statewide Prosecutor is not a principal prosecuting attorney of a political subdivision." 391 So. 3d at 667. We therefore affirmed the circuit court's order granting a motion to suppress a wiretap authorized by the Statewide Prosecutor. *Id.* In *Rogers*, we found that the State had only preserved its "political subdivision" argument and had not preserved the argument it sought to make on appeal that the Wiretap Act gave the Statewide Prosecutor the authority to secure a wiretap as "Florida's principal prosecuting attorney." *Id.*

On the direct appeal in *Wallace*, Wallace raised the issue that the circuit court erred in denying his motion to suppress, also based on the Statewide Prosecutor's authority under the Wiretap Act. In Wallace's motion to suppress, he had raised the issue of whether the Statewide Prosecutor was the principal prosecuting attorney authorized to act for the State of Florida under the Wiretap Act. When the circuit court denied the motion to suppress, on June 8, 2023, Wallace entered a no contest plea. The circuit court accepted his plea the same day.

In both the plea colloquy and in the written plea agreement Wallace gave up his right to appeal anything about the case other than the legality of sentence yet to be imposed. Neither the transcript of his plea hearing, nor the written plea agreement included any reservation of Wallace's right to appeal the denial of the motion to suppress. *See* § 924.051(4), Fla. Stat.; Fla. R. App. P 9.140(b)(2)(A); *see also Le Boss v. State*, 359 So. 3d 436, 440 (Fla. 1st DCA 2023) (requiring an issue to be both reserved and dispositive for an appeal to proceed after a guilty or no contest plea).

Apparently realizing that he had no right to appeal, on June 23, 2023, Wallace filed a document titled "Notice of the Reserved and Dispositive Issue for Appeal." But nothing in the Florida Rules of Criminal Procedure or in any reported case allows a reservation of the right to appeal to be preserved in such a filing after the trial court has accepted a plea. The proper manner to

have preserved the issue would have been by a motion to withdraw the plea. *See* Fla. R. Crim. P. 3.170(f).

Accordingly, we were correct in *Wallace* not to reach the issue of the Statewide Prosecutor's authority under the Wiretap Act since Wallace did not reserve his right to appeal. And even if we were to consider the merits, our decision in *Rogers* would not benefit Wallace since separate provisions of the Wiretap Act were involved in his direct appeal.

DENIED.

B.L. THOMAS, BILBREY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.